## Mutual Trust Co., Appellant, *v.* Huhn.

*Banks and banking—Check—Affidavit of defense—Set-off.*

In an action by a bank against the maker of a check on which payment had been stopped, an affidavit of defense is sufficient, which avers that plaintiff bank was a mere agent of the payee of the check for collection, and that defendant had a counterclaim against the payee upon dishonored checks to an amount in excess of the check in suit.

Argued January 17, 1921. Appeal, No. 172, Jan. T., 1921, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1919, No. 4632, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Mutual Trust Co. v. George A. Huhn et al., surviving partners, etc., trading as George A. Huhn & Sons. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit by trust company against payee of check on which payment had been stopped.

Rule for judgment for want of sufficient affidavit of defense.

AUDENRIED, P. J., filed the following opinion:

The defendants do not aver that the check in suit was obtained from them by fraud, duress or force and fear, or other unlawful means, or for an illegal consideration, or that it was negotiated in breach of faith, or under

such circumstances as amount to fraud.   Their affidavit, however, alleges that they have a set-off which would be available against the claim upon their check, if the action upon it were brought in the name of Danser & Co., the payees, that set-off being their counterclaim against Danser & Co., upon dishonored checks of the latter amounting to $73,535.   While this may not be a valid defense as against an ordinary endorsee even when he has acquired the instrument sued upon after payment thereof was refused and he had notice of its dishonor, such a defense is good against one who holds it merely as agent or trustee for the payee.   This is the character imputed to the plaintiff by the defendants.   The affidavit of defense plainly alleges that the Mutual Trust Company gave no credits or other valuable consideration to Danser & Co. for the defendants' check, and that the check was received and is held by it merely for collection for the account of that firm.   While the affidavit contains much that is irrelevant and that could not be admitted in evidence at trial, it raises material questions of fact that must be settled by a jury before a final disposition of the case can be made.

The rule for judgment is, therefore, discharged.

Plaintiff appealed.

*Error assigned* was order, quoting it.

*R. Stuart Smith,* with him *A. Allen Woodruff,* for appellant.

*Henry J. Rebman, James Gay Gordon* and *Carl M. Bowman,* for appellees, were not heard.

PER CURIAM, February 14, 1921:

As the affidavit of defense raises questions of fact that must be passed upon by a jury, Judge AUDENRIED was clearly right in discharging plaintiff's rule for judgment.

The case is affirmed on his opinion.