## The Pennsylvania Company for Insurances on Lives and Granting Annuities v. Stern.

*Saul, Ewing, Remick & Saul,* for plaintiff.
*David S. Malis,* for defendant.

LEWIS, J., July 25, 1930.—The affidavit of defense alleges payment to the payee of the check. This defense could not be effective as against a holder in due course, but would be entirely valid against one holding as agent or trustee for the payee. Defendant asserts unreservedly that plaintiff's role in the transaction was simply that of an agent for collection. The usual banking practice of crediting uncollected items to the depositor's account, while reserving the right to charge back if the item is dishonored, would seem to be inconsistent with the theory of a purchaser of the item for value. In Bank of Wesleyville *v.* Rose, 85 Pa. Superior Ct. 52, 57, the language of the court is as follows: "It is familiar law that 'when a bank credits a customer with the amount of a check, endorsed by him in blank, deposited in his account, the bank does not in the absence of a special agreement, from this fact standing alone become a holder of the paper for value; the title to the check remains in the depositor.'" When such paper is dishonored, the bank may charge it back to the depositor without taking the steps necessary to hold him as an indorser. "The relation arising from such a transaction, as between the bank and the depositor, is that the former becomes the agent of the latter for the purpose of collection:" National Bank of Phœnixville *v.* Bonsor, 38 Pa. Superior Ct. 275, 280; First National Bank of Clarion *v.* Gregg, 79 Pa. 384; Mechanics Bank *v.* Earp, 4 Rawle, 384; Hazlett *v.* Commercial National Bank, 132 Pa. 118; Rapp *v.* National Security Bank, 136 Pa. 426.

It is true that, under certain circumstances, advances made upon the faith of items in the course of collection may raise a lien upon the paper involved. Under the Act of May 16, 1901, § 27, P. L. 194, this lien then constitutes the holder a holder for value to the extent of his lien: National Bank of Phœnixville *v.* Bonsor, 38 Pa. Superior Ct. 275, 280.

The courts have, however, been quick to scrutinize transactions which purported to raise a lien of this character: Jones & Co. *v.* Milliken & Son, 41 Pa. 252, 255; Hackett *v.* Reynolds, Lamberton & Co., 114 Pa. 328. In the latter case, the court said (page 334): "We cannot consent to the doctrine that a mere usage and course of dealing between banks, in the transmitting of bills and notes for collection by which they mutually credit the avails in

account to overbalances due, can without more, deprive a third person, the real owner of the notes or bills of his rights."

Hence, to justify a summary judgment, the statement of claim should present a set of facts which not only takes the transaction clearly out of the ordinary course of banking practice, as contemplated in Bank of Wesleyville v. Rose, *supra*, but should show that the alleged purchase for value does not rest on "a mere usage and course of dealing between banks" as distinguished from advances actually made on the faith of the paper.

Mutual Trust Co. v. Huhn, 269 Pa. 348, presents a set of facts closely analogous to the present situation. In discharging a rule for judgment, the following opinion was filed and on appeal was affirmed *per curiam:* "Their affidavit, however, alleges that they have a set-off which would be available against the claim upon their check, if the action upon it were brought in the name of Danser & Co., the payees. . . . . While this may not be a valid defense as against an ordinary endorsee even when he has acquired the instrument sued upon after payment thereof was refused and he had notice of its dishonor, such a defence is good against one who holds it merely as agent or trustee for the payee. This is the character imputed to the plaintiff by the defendants. The affidavit of defense plainly alleges that the Mutual Trust Company gave no credits or other valuable consideration to Danser & Co. for the defendants' check and that the check was received and is held by it merely for collection for the account of that firm."

In the instant case, as in Mutual Trust Co. v. Huhn, *supra*, "While the affidavit contains much that is irrelevant and that could not be admitted in evidence at trial, it raises material questions of fact that must be settled by a jury before a final disposition of the case can be made."

The rule for judgment is, therefore, discharged.