# Moore *v.* Third National Bank of Philadelphia, Appellant.

*Banks and banking—Check—Set-off—Bankruptcy of depositor.*

Where a bank accepts a check for collection, and receives the proceeds on the following day without having paid out in the meantime anything on account of the deposit, it cannot apply the proceeds of the check towards a debt due by the depositor, where it appears that on the day the check was deposited for collection, but at a subsequent hour, a petition in bankruptcy was filed against the depositor.

Argued Oct. 7, 1909. Appeal, No. 66, Oct. T., 1909, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1908, No. 2,760, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John L. Moore, Trustee of the Estate of Henry E. Sealey & Co., Inc., Bankrupt, v. Third National Bank of Philadelphia. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover money had and received.

Rule for judgment for want of a sufficient affidavit of defense.

MOSCHZISKER, J., filed the following opinion:

On January 16, 1908, at 3:45 P. M., a petition was filed, praying that Henry E. Sealey & Co., Inc., be adjudged bankrupt. In due course they were so declared, and John L. Moore, the plaintiff herein, was appointed trustee. On the day that the petition was filed, but before 3 P. M., Henry E. Sealey & Co., deposited in their bank account with the defendant bank sundry checks aggregating $335.03, and received the usual credit in their pass book therefor, which checks were collected in due

course on the following day by the bank. On the date of the deposit in question, Henry E. Sealey & Co. were debtors to the bank as indorsers on certain commercial paper, and the bank claims the right to retain the greater part of the deposit to cover this indebtedness. The substantial question in dispute relates to the ownership of a deposit made on the day the petition in bankruptcy was filed but at an earlier hour. The question is, Has the bank the right to retain this deposit as against the trustee of the bankrupt estate?

The plaintiff contends that the bank has no such right, and in support of its contention two reasons are assigned: First, that the law will not recognize fractions of a day, and, hence, the act of bankruptcy relates back to the very beginning of the day on which the deposit was made, and the title to the money covered by the deposit was in the trustee and not in the bankrupt. This being so, it is argued the deposit in question cannot be considered in adjusting the mutual credits between the bankrupt and the bank. The second ground is, even assuming that fractions of a day will be recognized, the bank held the checks for collection only and the proceeds thereof were not received by it until the day after the filing of the petition.

We have reached the conclusion that the plaintiff's first contention must be sustained, and, therefore, it becomes unnecessary to consider or discuss the second.

Collier on Bankruptcy (6th ed.), 1907, at p. 332, states: "The rule seems to be that fractions of a day will be disregarded. This doctrine is the composite of an ancient controversy. Cases under the present law and its predecessor cited in the footnote will, therefore, lead the investigator into the domain of history. There can now, however, be no question about the rule being as stated."

In Long's App., 23 Pa. 297, several writs of foreign attachment were issued and served on the same day against a person who was in failing circumstances. The question was whether the creditor owning the first writ should take the whole fund or whether the proceeds of the sale should be distributed pro rata among the several attachments in proportion to the amount of the judgment obtained in each case. It was de-

cided that the money should be distributed pro rata. Mr. Justice Lewis said in considering this question: "It is a principle of the common law, that in judicial and other public proceedings, there are no fractions of a day, and that all transactions of the same day are, in general, regarded as occurring at the same instant of time. . . . To prevent gross injustice, the order of events will always be investigated. But neither necessity nor justice requires that one creditor should be aided in seizing all the assets of his debtor, to the entire exclusion of others equally meritorious. For this reason, where judgments are entered on the same day, the law will not inquire into the order of their entry, but all will be regarded as having been entered at the same time, and the money raised by the sale of the debtor's property will be divided pro rata between them. . . . The presumption is that the debts are all equally just, and if so, the principle of equity requires that they should all participate equally in the remnant of their debtor's property. So that the introduction of the fractional principle, so far from being justified by unavoidable necessity for the purpose of doing justice, would be productive of the gross injustice of giving a monopoly of the assets to one creditor, to the total exclusion of other claims equally just. Thus the wholesome principle of the common law would be departed from for a purpose which a chancellor would never lend his aid to accomplish."

The rule is well stated by Thayer, P. J., in Simpson v. Mancill, 17 Phila. 265: "It is a general rule that the law will not take notice of a fraction of a day except in cases where it is necessary for the purpose of justice to do so, the reason being, according to Sir Edward Coke, 'the uncertainty which is always the mother of confusion and contention. . . .' There are undoubtedly many cases in which the rule which ignores fractions of a day will not be applied. Where it is necessary in order to prevent a manifest injustice the exact hour or minute at which acts were done may be shown, but the ancient rule laid down that the law will take no notice of fractions of a day unless where it is to prevent a great mischief or inconvenience, is still the general rule. "

Is there any reason in the present instance why we should depart from the rule as stated in the above cases? Would injustice be done to anyone by adhering to the rule? It appears that the bank held the note upon which the bankrupt was indorser for some time prior to the filing of the petition in bankruptcy. It in no way changed or altered its position or extended credit in reliance upon the deposit made a few hours before the petition in bankruptcy was filed. We see no reason why the bank should be preferred or why it has any greater equitable claim to the money covered by the deposit than the other creditors of the bankrupt, and therefore we see no reason why the general rule that the law will not take note of a fraction of a day should be departed from for the benefit of the bank.

Two rules are before the court: One for judgment for the part of the claim as to which the affidavit of defense is insufficient; the other for judgment generally. The first is marked withdrawn and the second is made absolute.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Humbert B. Powell*, for appellant.—Where justice of the case demands it, the law will take cognizance of a fraction of a day: Louisville v. Savings Bank, 104 U. S. 469; Bank v. Burkhardt, 100 U. S. 686.

A bank may, under the bankruptcy act, offset against a deposit of the bankrupt in its hands the bankrupt's liability to the bank as indorser of paper discounted by the bank, although the date of the maturity of the paper is subsequent to the filing of the petition in bankruptcy, where that date is within the year after the bankruptcy adjudication: Matter of Phillip Semmer Glass Co., Lim., 11 Am. B. R. 665.

*A. S. Weill*, with him *L. S. Oliver*, for appellee, cited: In re Charles Lewis & Bros., 1 Am. B. R. 458; In re Billing, 17 Am. B. R. 80; In re Appel, 4 Am. B. R. 722; In re Pekin Plow Co., 7 Am. B. R. 369; In re Warner, 16 Am. B. R. 519; Dutcher v.

Wright, 94 U. S. 553; In re Stoner, 5 Am. B. R. 402; Long's App., 23 Pa. 297; Leidigh Carriage Co. v. Stengel, 2 Am. B. R. 383; Baldwin's App., 86 Pa. 483; McClure v. Roman, 52 Pa. 458; Cascade Overseers v. Overseers, 148 Pa. 333; Duffy v. Ogden, 64 Pa. 240; Bradshaw Electro Sanitary Odor Co. v. Bradshaw, 27 Pa. Superior Ct. 196; Western Nat. Bank v. Cotton Oil, etc., Co., 35 Pa. Superior Ct. 47; Mechanics' Bank v. Gorman, 8 W. & S. 304; Patterson's App., 96 Pa. 93; Collins v. McKee, 3 Sadler, 213; Bank v. Burkhardt, 100 U. S. 686; Taylor v. Brown, 147 U. S. 640 (13 Sup. Ct. Repr. 549).

OPINION BY PORTER, J., March 3, 1910:

The statement filed by the plaintiff averred the following facts which the affidavit of defense admitted to be true. On January 16, 1908, before 3 o'clock P. M., Henry E. Sealey & Co., incorporated, deposited in their account with the defendant bank sundry checks aggregating $335.03, for collection, and received the usual credit in their bank book therefor, which checks were collected in due course by the bank on January 17, 1908. The bank paid nothing and incurred no liability upon the faith of the deposit of the checks in question. Upon the same day on which this deposit was made, at 3:45 o'clock P. M. a petition of creditors was filed praying that Henry E. Sealey & Co., incorporated, be adjudged bankrupt, and in that proceeding they were subsequently duly so adjudged, and John L. Moore, the plaintiff herein, was appointed trustee. At the date of the making of the deposit of the checks in question and the filing of the petition in bankruptcy and for some time prior thereto Sealey & Co. had been liable to the bank as indorsers upon certain promissory notes, not yet due, amounting in the aggregate to $900. There was a balance due Sealey & Co. upon their open account with the bank, on January 15, 1908, of $687.12. It is admitted that the bank had the right to set off this $687.12, the balance on January 15, 1908, against the liability of Sealey & Co. as indorsers upon the notes not yet due. The question raised by the affidavits involves the right of the bank to apply in the same manner the proceeds

of the checks, which were deposited for collection, on the day the petition in bankruptcy was filed and the proceeds of which were by the bank received on the day following. The bank having paid to the plaintiff the amount in excess of the sum for which Sealey & Co. were liable as indorsers, the plaintiff brought this action to recover that part of the proceeds of the checks in question which had not been thus paid by the bank. The court below entered judgment for want of a sufficient affidavit of defense and the defendant appeals.

The conclusion at which the court below arrived is so fully vindicated by the opinion of Judge VON MOSCHZISKER, which appears in full in the report of this case, that it is not necessary for us to discuss at length the question presented. The general rule in judicial proceedings is that fractions of a day are not to be regarded, and that all transactions of the same day are to be regarded as occurring at the same instant of time. The exception to the rule is that when the application of the general principle would result in manifest injustice the exact hour or minute at which acts were done may be shown, in order to prevent a great mischief or inconvenience. In Long's Appeal, 23 Pa. 297, cited in the opinion of the court below, it was held that: "Neither necessity nor justice requires that one creditor should be aided in seizing all the assets of his debtor, to the entire exclusion of others equally meritorious," and in that case fractions of a day were disregarded. The same conclusion was arrived at in Baldwin's Appeal, 86 Pa. 483. In bankruptcy, "The day of cleavage, both as to provable and dischargeable debts, and as to property with which to pay those debts, is the day when the petition is filed;" In re Yukon Woolen Company, 2 Am. B. R. 805; In re Pease, 4 Am. B. R. 578; State Bank v. Cox, 16 Am. B. R. 32. The rule in bankruptcy, as in other judicial proceedings, is that as to the general doctrine the law does not allow fractions of a day, and that such fractions will only be considered when substantial justice so requires: Dutcher v. Wright, 94 U. S. 553; Taylor v. Brown, 147 U. S. 640. The deposit of these checks was not a deposit of money; the bank

took the checks for collection only; it advanced no money upon them and parted with nothing upon the faith of the deposit; it was not the holder of the checks for value: National Bank of Phœnixville v. Bonsor, 38 Pa. Superior Ct. 275.

The judgment is affirmed.

HEAD, J., dissents.