## Bank of Wesleyville v. E. D. Rose, Appellant.

*Banks and banking — Collections — Certificate of deposit—Collecting bank—Agency.*

When a bank credits a customer with the amount of a check, endorsed by him in blank, deposited in his account, the bank does not in the absence of a special agreement, from that fact alone, become a holder of the paper for value. The title to the check remains in the depositor. The relation arising from such a transaction, as

between the bank and the depositor, is that the former becomes the agent of the latter, for the purpose of transmission for collection.

A bank with which commercial paper is left by its customers to be transmitted for collection is the agent of the owners for transmission only, and is not liable for the negligence or default of its correspondents or agents, through whom it is necessary to transmit the paper, if it has used reasonable care and diligence in selecting such agents.

In the absence of instructions or an agreement to the contrary, the liability of the home bank extends merely to the selection of a suitable and competent agent, with proper instructions, and does not involve responsibility for the default or misconduct of the correspondent bank.

In an action by a depositing bank against the customer for the repayment of an amount credited to him on a certificate of deposit left with the bank for collection, it appeared that the collecting bank had accepted exchange instead of cash, and that by the time the certificate of deposit reached the issuing bank it had become worthless.

In such case, the plaintiff must prove knowledge by the defendant of a regulation, providing that the collecting bank should be liable only for actual funds which had come into its possession. In the absence of proof of such knowledge there can be no recovery.

Argued October 29, 1924. Appeal, No. 74, April T., 1925, by defendant, from judgment of C. P. Erie Co., Sept. T., 1922, No. 325, making absolute rule for judgment for want of a sufficient affidavit of defense, in the case of Bank of Wesleyville v. E. D. Rose. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit by a bank to recover amount credited to defendant. Before ROSSITER, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule, and entered judgment in favor of the plaintiff, in the sum of $2,344.49. Defendant appealed.

*Error assigned* was the judgment of the court.

Charles A. Mertens, for appellant.—It was the duty of the collecting bank to accept nothing but cash in payment for the certificates: Merchants National Bank v. Goodman, 109 Pa. 422; Fifth National Bank v. Ashworth, 123 Pa. 212; Hazlett v. Commercial National Bank, 132 Pa. 118; F. & M. National Bank v. Cuyler, 18 Pa. Superior Ct. 434; Morris v. Bank, 201 Pa. 160.

. The plaintiff bank was the owner of the certificates of deposit at the time of the loss: Warren Bank v. Seneca Oil Works, 175 Pa. 580; Silberstein v. Maizlech, 1 Westmld. 199; Morris v. Bank, 201 Pa. 160; Linhart v. Central Nat. Bank, 67 Sup. 507; Heinrich v. Middletown First Nat. Bank, 219 N. Y. 1; Noble v. Doughton, 83 Pac. 1048; 3 R. C. L. 524 par. 152.

O. J. Graham, and with him Gunnison, Fish, Gifford & Chapin, for appellee.—The certificates of deposit did not become the property of the bank, but were received by it for transmission only for the purpose of collection by its correspondent banks: Mechanics Bank v. Earp, 4 Rawle 384; Rapp v. National Bank, 136 Pa. 426; Savings Institution v. Folk, 38 Pa. Superior Ct. 54; Union National Bank v. Franklin National Bank, 249 Pa. 375; Seaboard National Bank v. Savings Company, 253 Pa. 412.

The statement of claim discloses no negligence for which the appellee is responsible: Morse on Banks and Banking, 5th edition, section 250, citing Mechanics Bank v. Earp, 4 Rawle 383-384; Merchants' National Bank of Philadelphia v. Goodman et al., 109 Pa. 422; Moldawer v. Trust Co., 57 Pa. Superior Ct. 66; Wagner Brothers v. Crook, 167 Pa. 259; Farmers' National Bank v. Nelson, 255 Pa. 455.

OPINION BY GAWTHROP, J., February 27, 1925:

This is an action of assumpsit in which the statement of claim averred the following material facts: The de-

fendant was a customer of and.a depositor in the plaintiff bank. On January 23, 1922, he deposited with the bank for collection checks and certificates of deposit to the amount of $6,500. Among the items deposited were two certificates of deposit, one for $1,500 and the other for $1,000, drawn and issued by the Bank of Conneautville, Pennsylvania, to one Tucker, by whom they were endorsed to the order of the defendant, who endorsed the same and deposited them with the plaintiff for collection and received credit therefor. The plaintiff promptly forwarded the certificates through its regular correspondent, the Security and Savings Trust Company of Erie, Pennsylvania, for collection. That bank credited the plaintiff's account with the amount of the certificates and forwarded them to the First National Bank of Pittsburgh, which in turn credited the amount thereof to the account of the Security and Savings Trust Company and forwarded them to the Pittsburgh branch of the Federal Reserve Bank of Cleveland, which credited the National Bank of Pittsburgh and promptly and in due course presented the certificates for payment to the Bank of Conneautville and accepted in payment a draft drawn by the Bank of Conneautville on its New York depository for the amount of the certificates. The draft was promptly forwarded by the Cleveland bank to the New York bank on which it was drawn; but it was returned unpaid because on January 30th, and before the draft was presented to the New York bank for payment, the Bank of Conneautville failed and made an assignment for the benefit of creditors, and the assignee notified the New York depository to stop payment on all outstanding drafts of the Bank. of Conneautville. Whereupon, the Cleveland bank charged the amount of $2,500 back to the account of the First National Bank of Pittsburgh, which in turn charged the same back to the account of the Security and Savings Trust Company, which in turn charged the plaintiff's account. Thereupon, the plaintiff charged same to the account of the defendant and

notified him thereof and demanded payment by him of his overdraft, amounting to $2,489.51, to recover which this suit was brought. The defendant filed an affidavit of defense raising a question of law. After the court below decided that question against him, he filed an affidavit of defense and a supplement affidavit of defense which averred in substance that the certificates of deposit were accepted by the plaintiff as cash; that it thereby became the owner of them; that at the time he deposited them he had no knowledge that the plaintiff bank would present them to the Bank of Conneautville through the Federal Reserve Bank of Cleveland for payment, nor any knowledge of the conditions and regulations of the Federal Reserve Board applicable to the First National Bank of Pittsburgh and the Security and Savings Trust Company, which are members of the Federal Reserve Bank of Cleveland, as set forth in the fifth paragraph of the statement of claim, viz: that the Federal Reserve Bank of Cleveland "may in its discretion send all items for payment direct to the banks on which they are drawn or to another agent for collection, and assumes no responsibility for the solvency of any collecting agents, and that it shall be held liable only when proceeds in actual funds or solvent credits shall have come into its possession." It averred further that the plaintiff had knowledge of the conditions and regulations of the Federal Reserve Board and that with full knowledge thereof sent the certificates of deposit to the Security and Savings Trust Company of Erie for collection, with full knowledge that that bank either directly or through its subagent would collect the certificates of deposit from the Bank of Conneautville through the Federal Reserve Bank of Cleveland, subject to the conditions and regulations of the Federal Reserve Board, and further averred that the Federal Reserve Bank would have been able to obtain actual payment of the certificates of deposit in cash if it had been demanded. The court below made absolute a rule for judgment for want of a sufficient affidavit of

defense, basing its decision on two grounds: first, that the plaintiff by accepting the deposit of the certificates did not become the owner thereof, and that the bank whose negligence caused the loss to the defendant was the agent of the depositor and not the agent of the bank; second, that the affidavit of defense did not contain a sufficient allegation of the facts to justify a conclusion that the certificates were received by the bank as cash, or that it became the owner thereof. The defendant appealed.

The first contention before us is that when the plaintiff credited the account of the defendant with the amount of the certificates of deposit it became the owner of them. It is familiar law that "when a bank credits a customer with the amount of a check, endorsed by him in blank, deposited in his account, the bank does not in the absence of a special agreement from this fact standing alone become a holder of the paper for value; the title to the check remains in the depositor.....The relation arising from such a transaction, as between the bank and the depositor, is that the former becomes the agent of the latter for the purpose of collection": National Bank of Phœnixville v. Bonsor, 38 Pa. Superior Ct. 275, 280; First National Bank of Clarion v. Gregg, 79 Pa. 384; Mechanics Bank v. Earp, 4 Rawle 383. In Hazlett v. Commercial Bank, 132 Pa. 118, 125, Chief Justice PAXSON said: "The mere fact that the collecting bank credited him (the depositor) with the check as cash did not alter that relation. This is done daily,—indeed, it is almost the universal usage to credit such collections as cash, unless the customer making such deposit is in weak credit. If the check is unpaid it is charged off again, and the unpaid check returned to the depositor." In Farmers National Bank v. Nelson, 255 Pa. 455, our Supreme Court, speaking through Mr. Justice MESTRE-ZAT, said: "While a different rule prevails in some other jurisdictions, we have uniformly held that a bank with which commercial paper is left by its customers to be

transmitted for collection is the agent of the owners for transmission only and is not liable for the negligence or default of its correspondents or agents through whom it is necessary to transmit the paper, if it has used reasonable care and diligence in selecting such agents. In 1 Mechem on Agency (2d ed.) section 1314, the learned author says: 'In the majority of the states......it is held that the liability of the home bank, in the absence of instructions or an agreement to the contrary, extends merely to the selection of a suitable and competent agent with proper instructions, and does not involve responsibility for the default or misconduct of the correspondent bank......This rule is adopted in Pennsylvania.' The ground upon which this rule rests is that the contract of, or the duty assumed by, the home bank is to transmit, with proper instructions, the note or bill for collection to its correspondent bank, and the latter becomes the agent of the owner to make the collection and is responsible to him for any loss occasioned by its neglect of duty." Bank v. Goodman, 109 Pa. 422, supports this rule and is cited to sustain it. While the state decisions in respect of the liability of a correspondent bank to the owner of a check forwarded for collection by the initial bank of deposit are in conflict beyond the possibility of reconciliation, Pennsylvania has followed the so-called "Massachusetts rule," as distinguished from the "New York rule," that the bank of deposit is authorized to entrust the collection of the check to a subagent and that subagent in turn to another, each of which becomes the agent of the owner and directly responsible to him for its default. The duty of the agent to whom the instrument is sent to make the demand for payment is not discharged when anything but money is accepted as payment, in the absence of a special authority to the contrary: Merchants National Bank v. Goodman, supra. "It is settled law that a collecting agent is without authority to accept for the debt of his principal anything but that which the law declares to

be a legal tender, or which is by common consent treated as money and passes as such at par": Federal Reserve Bank v. Malloy, 264 U. S. 160. The defendant had no right to be misled by the mere credit of the certificates as cash: Rapp v. National Bank, 136 Pa. 426, 438. Such a credit did not make the bank the owner of the certificates or prevent its charging back against the defendant the overdraft due to the nonpayment. To hold otherwise would revolutionize the banking business in Pennsylvania, which for nearly a century has been conducted in accordance with the rule above declared. The appellant relies upon Morris v. Bank of Allegheny, 201 Pa. 160, and Linhart v. Central National Bank, 67 Pa. Superior Ct. 507, as authority for his proposition, that the ownership of the certificates was in the plaintiff and that as a consequence of that fact the negligence of the Federal Reserve Bank of Cleveland in accepting a draft on New York instead of the money was the negligence of the plaintiff's agent. In the Morris case a sight draft was deposited by the plaintiff with the First National Bank of Chicago and credit given the depositor for the amount thereof. The Chicago bank endorsed the draft "pay to the order of First National Bank for collection account of First National Bank, Chicago," and sent it to the defendant and the amount thereof was lost by reason of the failure of the defendant to give prompt notice of its nonpayment. The suit was in assumpsit by the depositor against the correspondent of the bank of deposit for negligence. At the time the suit was brought, the draft had been charged back to the plaintiff by the Chicago bank. A nonsuit was entered because there was no contractual relation between the plaintiffs and the defendant, but only between the two banks, the defendant having accepted the note for collection for the Chicago bank. The Supreme Court sustained the entry of the nonsuit on that ground, stating: "The Chicago bank clearly undertook the collection and as between it and the defendant was to be regarded as the owner.

In fact so long as the amount remained in Morris's account to his credit, the bank was the owner and the title did not revert to him until the draft was returned unpaid and charged back to the debit side of his account. The ownership as between the Chicago and the Allegheny banks being thus in the former, the liability of the latter was to the former as agent to principal, and not to the depositor." This decision was followed by this court in the Linhart case, in which a depositor of a check for collection sued the bank of deposit for negligence in failing to present the check for payment on July 5th, which was conceded to be the last day on which it should have been presented. The failure to present the check on July 5th was the fault of the correspondent of the bank of deposit. This court held that "this fact does not relieve the defendant from responsibility to the plaintiff for it undertook the collection and so long as the amount of the check remained to Mrs. Linhart's credit the defendant was the owner of the check and the plaintiff's action was against the defendant rather than its correspondent," citing the Morris case as authority. Suffice it to say that the Morris and the Linhart cases are not in harmony and cannot be reconciled with the law as declared in Farmers National Bank v. Nelson, and Merchants National Bank v. Goodman, cited, and the long line of cases holding that the agent to whom the instrument is sent either to make demand for payment or to further transmit it to someone for that purpose becomes the agent of the depositor and is liable to him for loss arising from failure on its part to perform its duty. As a result of our examination, we do not find that the Morris case has been followed by the Supreme Court. It was cited in Cohen v. Tradesman National Bank, 262 Pa. 76, a suit by the drawer of a check against a collecting bank for negligence in presenting the check to the wrong bank. But there the drawer was not the depositor. So it was properly held that he could not recover, because there is no contractual

relation between the drawer of a check and the collecting bank. We deem it our duty to apply the law as declared in the line of cases of which Farmers National Bank v. Nelson is a sample, and to hold that as between the plaintiff and the defendant the ownership of the certificates of deposit was in the latter, and that the bank which accepted New York exchange, instead of money, in payment was the agent of the depositor.

The second contention is that the affidavits of defense sufficiently aver that the certificates of deposit were not received by the plaintiff for collection, but were received as cash, and that the plaintiff became the owner thereof. The averment is that the certificates were endorsed and deposited with the plaintiff and accepted by it as cash; that the amount thereof was unconditionally credited to the defendant's account; and that the plaintiff paid the checks drawn by the defendant against the account and thereby became the owner of the certificates. The statement that the certificates were accepted as cash and that the bank became the owner thereof is to aver a conclusion. All of the facts stated exist in the ordinary case of a deposit of commercial paper in a bank by its customer for collection. It is not averred that the bank agreed to buy the certificates or to accept them as cash. If there was such an agreement the time when it was made, the persons by whom it was made and all of the facts, should have been stated. If the defendant desired to raise that defense, it was his duty to state the facts so that the court could determine whether, if proved, they were sufficient to warrant the conclusion. This is familiar law. (Leuten Brick Co. v. Killen, 235 Pa. 144; Morrison v. Whitfield, 46 Pa. Superior Ct. 103; Newbold v. Pennock, 154 Pa. 591.)

Lastly, it is urged that the affidavits of defense were sufficient to prevent judgment by reason of the averment that the selection by the plaintiff of the Security and Savings Trust Company of Erie was not the selection of a suitable and competent agent for transmission of the

certificates for collection, because the plaintiff knew that that bank would either directly or indirectly present the certificates for collection through the Federal Reserve Bank of Cleveland, and knew that under the regulations of the Federal Reserve Board the Federal Reserve Bank of Cleveland could send the certificates directly to the Bank of Conneautville for collection and that the Federal Reserve Bank could accept from the drawee bank a New York draft instead of money, without incurring liability for that action. An examination of the affidavit of defense discloses that it does not aver that the Federal Reserve Bank of Cleveland was authorized by the rules and regulations of the Federal Reserve Board to accept from the Bank of Conneautville a New York draft instead of money. It merely avers knowledge by the plaintiff of a regulation authorizing the Federal Reserve Bank of Cleveland, through which the plaintiff would make the collection, to send the certificates of deposit to the bank on which they were drawn, and limiting its liability to cases in which proceeds in actual funds or solvent credits shall have come into its possession. A regulation authorizing a bank to send checks for collection to the bank on which they were drawn was considered by the Supreme Court of the United States in Reserve Bank of Richmond v. Malloy, cited. It was held that such a regulation does not expressly or by implication permit a collecting agent to accept for the debt of his principal anything but money; that a check may be sent for collection to the drawee bank without entailing the necessity of remitting the amount in the form of exchange; that currency itself may be sent; and that there is nothing to prevent the sending bank from requiring the drawee to remit the currency as a condition upon which the check may be satisfied and charged to the account of the drawer. We adopt the conclusion here. That brings us to the consideration of the regulation providing that the Federal Reserve Bank of Cleveland shall be liable only when proceeds in actual funds or solvent credits

shall have come into its possession. The clear effect of this regulation is to relieve the Federal Reserve Bank of Cleveland of the obligation which the law imposes to collect only in money. The defendant says that the plaintiff knew of this regulation. In fact the plaintiff's statement pleads it as an excuse for the taking of the draft by the Federal Reserve Bank of Cleveland. The question arises whether the obligation which the law imposes to collect in money may be varied by a regulation so providing and relating only to the banks inter se. The depositor is not bound by the knowledge of his agent of a regulation which provides for a variation of the settled law. On what principle of law may such a regulation bind a depositor? Clearly, only if the depositor has knowledge of the regulation when he makes his deposit. The plaintiff avers no such knowledge on the part of the defendant and the defendant denies that he had such knowledge. The plaintiff is not entitled to recover unless it alleges and proves that the defendant had knowledge of the regulation limiting the liability of the Federal Reserve Bank of Cleveland to cases in which proceeds in actual funds came into its hands. It follows that it was error for the court below to enter judgment for the plaintiff on the pleadings.

The judgment is reversed and the record is remitted for further proceedings.

PORTER, J., dissents.