**22**

In re Frank J. HEMSHER, Debtor.

**MELLON BANK, N. A., Plaintiff,**

v.

**Frank J. HEMSHER, Margaret A. Hemsher, and Joseph E. Schmitt, Trustee for the Estate, Defendants.**

Bankruptcy No. 82–449.
Adv. No. 82–566.

United States Bankruptcy Court,
W. D. Pennsylvania.

July 14, 1982.

Michael G. Dombrowski, Pittsburgh, Pa., for Trustee.

Joseph J. Bernstein, Pittsburgh, Pa., for Mrs. Hemsher.

Gary Phillip Nelson, Pittsburgh, Pa., for Mellon Bank.

Frank A. McFerran, Jr., Pittsburgh, Pa., for debtor.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This case concerns a bank's right of set-off. The parties have stipulated to the facts herein and the matter is submitted to this Court for decision on Memorandum Briefs submitted by the parties.

### STATEMENT OF THE FACTS

The Debtor and his non-debtor spouse are involved in a divorce proceeding in the Family Division in the Court of Common Pleas, Allegheny County, Pennsylvania. No final divorce decree has been entered in that proceeding. As part of their divorce proceeding, the parties had agreed to sell the family home and divide the proceeds. At the time of the closing, the parties could not decide how the proceeds should be divided between them. (The non-debtor spouse argues that she is entitled to the entire fund as against her husband because of a prior written stipulation entered into by the parties and filed in the divorce court. That issue is not decided here.)

The closing took place on February 11, 1982. The closing took place at the Peters Township Office of Mellon Bank. The closing began at approximately 4:00 P.M. and was completed at the approximately 5:00 P.M. closing time. The parties could not agree on the total distribution of the fund. A check for $8,862.75 was made payable to the non-debtor spouse and a check for $10,862.75 was made payable to Frank J. Hemsher and Margaret J. Hemsher. The parties tendered this check to an employee at the Mellon Bank office upon the execution of a signature card for the opening of a joint savings account at Mellon Bank in the names of the Debtor and his wife requiring two signatures for withdrawal. This signature card, though signed by the parties, was only partially completed by the bank on the 11th. The signature card was later completed to reflect that the check was deposited on February 12, 1982. In fact, the bank records indicate that the actual deposit was not made until February 18, 1982. Interest

payments were made beginning on the 18th. The interest payments were later adjusted by the bank to reflect payment from the 12th.

In connection with the delivery of the check to Mellon Bank at the closing, the Debtor submitted a letter to Mellon Bank which was accepted by the non-debtor spouse, which states in pertinent part as follows:

> By this letter and intending to be legally bound hereby, I authorize payment of the sum of $8,862.75 to Margaret A. Hemsher, with the balance viz $10,862.75 to be deposited in a joint savings account with Mellon Bank, N. A. in the names of Frank J. Hemsher and Margaret A. Hemsher, subject to withdrawal on two signatures only without prejudice to the rights of the parties to seek a judicial determination as to the rights of the escrow fund aforesaid, also payment of husband's wage tax at closing is without prejudice.

The Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code on February 12, 1982.

At the time of the filing of the bankruptcy, the Debtor and his non-debtor spouse were obligated to Mellon Bank on a Personal Cash Reserve Account, which was opened in 1975. Mellon Bank N.A. ("Mellon") filed this action on March 17, 1982 seeking relief from the automatic stay so that it might set off the amount owed to it because of the personal cash reserve account against the fund deposited in the joint savings account. The amount Mellon states was due and owing on the personal cash reserve account as of February 12, 1982 was $5,002.63 plus interest.

The agreement signed by the parties in connection with the personal cash reserve account states with regard to setoff:

> If one or more of such events of default occurs the bank shall have the right to setoff against the amount due and payable under the account any debt owing the undersigned by the bank, including without limitation any funds in any deposit account maintained by the undersigned with the bank, and for such purpose the undersigned hereby grants to the bank a security interest in such deposit account.

## DISCUSSION

The underlying principle involved in this dispute is whether a true mutuality existed between the obligation owed by the parties to Mellon and the obligation owed by Mellon to the parties because of the events of February 11, 1982. Only mutual debts can be offset. Section 553(a) of the Bankruptcy Code states:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not effect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case,
> . . . .

In addition to the requirement that there be mutuality of debts, this section makes clear that these debts must both be prepetition.

The Trustee, the Debtor and the non-debtor spouse first argue that the debts cannot be mutual because at the time of the deposit Mellon knew the parties were establishing an escrow fund. It follows they argue that because of the special nature of the fund Mellon could never have taken possession of this fund and thus owe a debt to the parties. Absent this mutuality, there can be no setoff. We do not have to decide the escrow fund question, because, as follows, we have decided that Mellon did not have possession of these funds prior to the filing of the Debtor's Bankruptcy Petition.

In order for Mellon to be entitled to a right to setoff, it must have had possession of the escrow fund prior to February 12, 1982. If it did not, there can be no mutuality of debts. If Mellon obtained possession of this fund at a later date, it would be barred from setoff pursuant to the provi-

sion of Section 553(a) of the Bankruptcy Code quoted above.

Until the check had been paid by the bank on which is was drawn, Mellon is only an agent for the parties here. It is only when the check clears the collecting bank that a debtor-creditor relationship is established between Mellon and the Debtor and his non-debtor spouse. This concept has been codified in Section 4201 of the Uniform Commercial Code as adopted in Pennsylvania.

Unless a contrary intent clearly appears and prior to the time that a final settlement given by a collecting bank is or becomes final, the bank is an agent or sub-agent of the owner of the item and any settlement given for the item is provisional.

In this case Mellon was merely the agent of the Hemshers until the collecting bank on which the check was written had made a final settlement. No final settlement was made until after the Bankruptcy was filed. There has been no contrary intent demonstrated in this case. See *Moore v. Third National Bank of Philadelphia*, 41 Pa.Super. 497 (1910); *National Bank of Phoenixville v. Bonsor*, 38 Pa.Super. 275 (1908). See also *Jennings v. United States Fidelity and Guaranty Co.*, 294 U.S. 216, 55 S.Ct. 394, 79 L.Ed. 869 (1934); *Keyes v. Paducah and Illinois Railroad Co.*, 61 F.2d 611, 614 (6th Cir. 1932); *Kane v. First National Bank of El Paso*, 56 F.2d 534 (5th Cir. 1932); and *In re All-Brite Sign Service Co., Inc.*, 11 B.R. 409 (Bkrtcy.W.D.Ky.1981).