## Bardsley *versus* Delp.

1. The holder of a promissory note, who had no notice of the equities existing between the maker and the payee, cannot be affected by them unless he is a holder without consideration.

2. Where the holder of a note received it for an antecedent debt, he is a holder for a valuable consideration.

3. Averments in an affidavit of defence, that the payee of the note had received it from the maker to use for a specific purpose, and that in violation of said agreement he had endorsed it to the holder, who had taken the same for an antecedent debt due by the payee, are not sufficient to prevent judgment.

January 22d 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term 1879, No. 67.

Assumpsit by William Bardsley against Allen Delp, on a promissory note made by Delp to the order of one Barndt, and by the latter endorsed to plaintiff.

To the copy of the note filed the defendant filed an affidavit of defence, wherein he averred that defendant was a tenant of Barndt; that defendant was served as garnishee in an attachment sur judgment obtained by Hunsberger & Bros. against Barndt; that Barndt asked defendant for the note in suit to settle the amount due them, and for that purpose defendant gave it to him; that in violation of said agreement Barndt had endorsed it to plaintiff; that plaintiff did not purchase said note for a valuable consideration, but received the same for an antecedent debt; that the attachment was then pending, and defendant was held to answer.   A rule for judgment for want of a sufficient affidavit of defence was discharged, which action was assigned for error by plaintiff, who took this writ.

*William H. Browne*, for plaintiff in error.—The holder of a negotiable instrument who received it in absolute payment of a pre-existing debt without notice, is entitled to recover thereon, notwithstanding a failure of consideration between the original parties: Red. & Big. Lead Cas. 183, 194; Petrie *v.* Clark, 11 S. & R. 377.   Nothing but clear evidence of *knowledge* or *notice* of fraud or mala fides can impeach the prima facie title of a holder of negotiable paper taken before maturity: Phelan *v.* Moss, 17 P. F. Smith 59; Moorehead *v.* Gilmore, 27 Id. 122; Battles *v.* Laudenslager, 3 Norris 452.   Even where the maker shows the note was fraudulently obtained, as between the original parties, the holder cannot be required to prove that he gave value for it unless his title is in some way impeached: Red. & Big. Lead. Cas. 188, 213.

*Alfred Moore*, for defendant in error.—It is contended that an

[Bardsley v. Delp.]

affidavit of defence by the maker, alleging such facts as show that the note was obtained from him by misrepresentations, and negotiated in fraud of his rights, is sufficient to prevent judgment from being entered for want of a sufficient affidavit of defence: Hutchinson v. Boggs et al., 4 Casey 294; Hoffman v. Foster, 7 Wright 137. Where a negotiable note has been obtained from the maker under false pretences, and fraudulently put in circulation by the payee, in an action by the holder against the maker, the former, to entitle him to recover, must show that he was a holder by purchase for value before the maturity of the note: Holme v. Karsper, 5 Binn. 469; Knight v. Pugh, 4 W. & S. 445; Hutchinson v. Boggs et al., and Hoffman v. Foster, supra; Phelan v. Moss, 17 P. F. Smith 67.

Mr. Justice GORDON delivered the opinion of the court, February 10th 1879.

The defendant below, by his affidavit of defence, set forth, that he made the note in suit for the accommodation of M. K. Barndt, he, the payee, agreeing at the same time that he would use the note in settlement of a judgment of Hunsberger & Bros., on which an attachment-execution had issued, and had been served on the defendant as garnishee, and that Barndt had violated his agreement by endorsing the paper over to the plaintiff. As the plaintiff had no notice of the equities thus subsisting between the maker and the payee, he could not be affected by them unless he occupied the position of a holder without consideration: Byles on Bills *130. In view of this, the affiant further set forth, that the plaintiff did not purchase the note for a valuable consideration, but received the same from the said Barndt for an antecedent debt. This, however, is a contradiction in terms; for if the plaintiff received the note *for*, that is, as we take it, in payment of an antecedent debt, he did purchase it for a valuable consideration: Kirkpatrick v. Muirhead, 4 Harris 123 (Bell, J.); Rosenberger v. Bitting, 3 Id. 278.

If, indeed, the defendant, by this ambiguous wording, meant that the plaintiff had taken it as collateral security for a pre-existing debt, he should have said so. If he has not been able to make out a prima facie case for himself, we cannot help him by inferences drawn from obscure language which he by a word or two might have made plain. If a defendant, when he has the stand to himself, cannot make out a case in his own favor, it must be because he has none, and he ought not to ask a court to patch up a case for him.

It is now ordered that the record in this case be remitted to the court below, and said court is directed to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown why judgment should not be so entered.