### Gordon, Secretary of Banking, *v.* Dime Bank Title & Trust Co.

Argued April 9, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*M. J. Torlinski,* with him *G. B. Kleeman, C. B. Lenahan* and *G. Fred Lazarus,* for appellants.

*Reese H. Harris,* Special Deputy Attorney General, *Harold D. Saylor,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, May 21, 1934:

On September 22, 1931, the Dime Bank Title & Trust Company (herein referred to as the bank), located in Wilkes-Barre, closed its doors and was taken over by the secretary of banking. Stanley M. Yetter, register of wills of Luzerne County, had on deposit in the bank at the time of its closing, the sum of $313,067.23 in an account under his name designated, "Agent, Transfer Inheritance Tax." The controversy here between the Commonwealth and appellants, the latter acting for themselves and on behalf of the Depositors' Protective Committee of the defunct bank, turns on the question of whether or not the State of Pennsylvania is the owner of this fund and in its sovereign capacity entitled to priority of payment from the assets for distribution. The court below sustained the Commonwealth's contention and ordered the receiver in charge to make payment of the sum in question, together with interest at the rate of one per centum from the date the bank ceased doing business. The present appeal is from that decree.

On August 15, 1931, Yetter's account in the bank contained a balance of $110.45. On August 23, 1931, a deposit was made in the sum of $304,391.82,—this amount representing the payment of inheritance tax on the estate of Kate P. Dickson by her executor. A further deposit of $9,004.66 was made September 19, 1931, the latter sum being the inheritance tax on twenty-five different estates, and on the same day Yetter drew a check on the account payable to the order of the department of revenue in the amount of $304,391.82, which was transmitted to the department but not returned and presented for payment before the bank closed, September 22d. Several withdrawals were made, however, so that the balance in the account at the time the institution was taken over by the secretary of banking amounted to $313,067.23. It is admitted that the account was under the complete control of Yetter, as register of wills, and that checks were drawn from time to time for purposes in connection with his office such as payment of clerks, printing, appraiser's fees, personal commissions and inheritance taxes due the department of revenue. Yetter received interest at the rate of one per cent from the bank on daily balances in this account and retained the same for his own use. There is no dispute that Yetter was the proper official to receive payment of transfer inheritance taxes due the Commonwealth from estates of decedents who were residents in Luzerne County, and that he entered bond for the faithful performance of his duties, in accordance with section 22 of the Act of 1919, P. L. 521.

No substantial argument can be advanced for the proposition that the Commonwealth is not the owner of the fund in controversy here. Any acts of dominion exercised over it by the register of wills were performed merely as agent for the Commonwealth. The Act of 1929, P. L. 343, clearly designates the registers of wills of the several counties agents of the Commonwealth and sets forth the rights and duties appurtenant to their of-

fice, and we have not been referred to any statute restricting the discretion of a register of wills in temporarily depositing money collected by him for inheritance tax purposes before transmission to the department of revenue.

The court below properly held that Pitts. v. First Nat. Bank, 230 Pa. 176, cited by appellant, is not authority for the proposition that the actual ownership of the fund in question is in the individual depositor, Yetter, as distinguished from the governmental agency which he represents. On the contrary, the money so deposited by the officer takes the character of a trust fund belonging to the Commonwealth: Trestrail v. Johnson, 298 Pa. 388. Appellants contend, however, that the Commonwealth was not a depositor at the time the bank closed and that its claim to impress the account of Yetter with a trust cannot be enforced directly against the bank since the fund cannot be traced and identified specifically to the cash remaining in the bank when it closed. The Commonwealth's right, according to appellant's argument, would be limited to claiming Yetter's share as an ordinary depositor receiving distribution under the statute providing for liquidation of the bank assets, and since this statute gives no priority to the Commonwealth none can be asserted as to Yetter's account. We are unable to agree with this reasoning.

Although Yetter, as register of wills, was the actual depositor, the fund was none the less the money of the Commonwealth, and the fact that Yetter gave bond conditioned upon payment of all tax moneys coming into his hands, does not relieve the bank of its obligation to deliver the fund to the State upon proper demand: Trestrail v. Johnson, supra; Erie Co. v. Lamberton, 297 Pa. 406. See also Stair v. York Nat. Bank, 55 Pa. 364; Frazier v. Erie Bank, 8 W. & S. 18; Bank of Northern Liberties v. Jones & Cole, 42 Pa. 536.

We are not convinced that there was such a mingling of the tax money with other funds in this account as to

render it impossible for the Commonwealth to trace the fund. The entire account in question was composed of tax payments, and the fact that Yetter drew checks for the payment of expenses incident to his office does not alter the status of the account as a trust fund.

Equally untenable is appellants' suggestion that the Commonwealth is deprived of priority because its preference in that respect is not specifically conferred by the statutes regulating the distribution of assets. The prerogative of the State to be paid ahead of other creditors is well established in Pennsylvania (South Phila. State Bank's Insolvency, 295 Pa. 433), and the principle is founded with equal certainty that any rights exercisable in its sovereign nature are not lost by inference, but only through positive expressions of intent by statute or other appropriate means. "The State when acting in its sovereign capacity occupies a position entirely different and superior to that of the citizen. It cannot be sued without its consent. The statute of limitations, without it is expressly so declared, cannot be invoked to defeat its claim as a creditor. It takes precedence over other creditors. It may forego its rights as a sovereign power and place itself on the same footing as one of its citizens, but unless the statutory language affecting the subject so declares it will not be presumed. The State cannot be deprived of its rights as a sovereign by inference, it must be done by appropriate constitutional or legislative action": Booth & Flinn, Ltd., v. Miller, 237 Pa. 297, 307. See also Jones v. Tatham, 20 Pa. 398.

We are of opinion the court below was not in error in directing payment of the fund in question to the proper officer of the Commonwealth. No objection is raised to the amount of interest allowed (1%) and the action of the court in that regard is accordingly approved.

The decree is affirmed at appellants' costs.