## Donald Bradshaw, Appellant v. Southern Fulton School District, Appellee.

Submitted on briefs May 7, 1985, to Judges CRAIG and PALLADINO and Senior Judge KALISH, sitting as a panel of three.

*Gregory R. Reed,* for appellant.

*John McD. Sharpe, Jr., Sharpe, Cleaver, Wenger & Townsend,* for appellee.

OPINION BY JUDGE CRAIG, June 18, 1985:

Donald Bradshaw appeals from a decision of the Court of Common Pleas for Fulton County, which granted summary judgment on a complaint the Southern Fulton School District had brought against Bradshaw to collect unpaid occupation taxes. We must decide (1) whether the trial court erred in determining that reduction of the tax rate did not necessitate reenactment of the tax ordinance, (2) if reenactment was required, whether the school district achieved a valid reenactment, and (3) absent a reenactment, what was the status of the tax ordinance during the period in dispute.

In 1968, the school district, pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§6901-6924, enacted an occupation tax resolution imposing a tax on all persons residing in the school district at a 100 mill rate. The school district reduced the rate beginning with the 1971-72 fiscal year to 75 mills and again reduced the

rate to 60 mills beginning with the 1978-79 fiscal year. The parties have stipulated that both those reductions were effected "without specifically enacting a new occupation tax resolution and without (1) advertisement of its intention to adopt the tax resolution as provided by the Local Tax Enabling Act, 53 P.S. §6904 (Act 511) or filing of a certified copy of its resolution with the Department of Community Affairs as provided by 53 P.S. 6907." Bradshaw refused to pay occupation taxes for the fiscal years 1969-70 through 1978-79. The parties have stipulated that Bradshaw owes the tax for the first two of those fiscal years; Bradshaw continues to contest his liability only for the subsequent eight tax years, beginning with the purported millage reduction.

The trial court agreed with the school district's contention that section 4 of the Act requires reenactment of a tax only when the taxing authority subsequently increases the tax rate, reasoning that a tax reduction is "immediately and solely beneficial to the taxpayers." The trial court therefore granted summary judgment in favor of the school district.

Section 4 of the Act, 53 P.S. §6904, provides that "[e]very such tax shall continue in force on a calendar or fiscal year basis, as the case may be, without annual reenactment unless the rate of the tax is subsequently changed." The School district's 1968 resolution mirrored that language, providing that "[s]uch tax shall continue on a school fiscal year basis from year to year without annual reenactment unless the rate of tax is subsequently changed."

We cannot agree with the trial court's position, which the school district does not press strongly here, that we should interpret the statutory term "change" to encompass only increases in the tax rate.

As Bradshaw correctly points out, the Statutory Construction Act of 1972 requires that "[w]hen the

words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursing its spirit" 1 Pa. C. S. §1921(b); furthermore, we must afford words which are not legislatively defined their "common and approved usage." 1 Pa. C. S. §1903(a).

Webster's Third New International Dictionary, p. 373, defines "change" as "to make different". Clearly, a school district makes its tax rate different, and thus changes it, when it assesses and collects an occupation tax, not at the former 100 mill rate, but at a rate of 75 or 60 mills.

Accordingly, we conclude that the terms of section 4 and those of the school district's occupation tax resolution require that the school district reenact its occupation tax whenever it effects any change in the tax rate, including a reduction of that rate.

Our conclusion is further reinforced by policy considerations. Contrary to the trial court's assumption, taxpayers can have an interest in tax reductions because those decreases may negatively affect either the quality or quantity of municipal services, or if service is not affected, a reduction may require a concomitant tax increase in some other municipal tax.

The school district contends that if reenactment of the tax resolution was required, it substantially complied with the Act's reenactment provisions by newspaper publication of the school budget in the years in which the tax changes were effected.

However, section 4, 53 P.S. §6904, which sets out the applicable requirements, specifies that the required notice for an occupation tax

shall set forth the substantial nature of the tax . . . , the reason which . . . necessitates the imposition of the tax, and the amount of revenue estimated to be derived from the tax. Publication of such notice shall be made by advertise-

ment once a week for three weeks in a newspaper of general circulation within such political subdivision. . . .

The school district has offered no legal support, and neither has our research disclosed any, to support the contention that a tax reduction may be accomplished with a more relaxed notice standard. Furthermore, the parties' stipulation that the reductions were effected "without specifically enacting a new occupation tax resolution" suggests strongly that the school district may not now raise this contention.

With respect to our final issue, the effect of the invalid millage-lowering attempts upon the validity of the existing ordinance, the school district contends that because it did not comply with the statutory requirement of reenactment, it did not achieve a change in the tax rate within the meaning of the Act, and therefore, under the terms of section 4, the original rate continued in effect from year to year. Conversely, Bradshaw contends that the school district's de facto change of the tax rate without the required reenactment rendered the 1968 occupation tax resolution void, thereby excusing his failure to pay those taxes.

The effect of non-compliance with a statutory requirement depends upon whether that requirement was directory or mandatory in nature. Failure to follow a mandatory requirement will render the attempted action void, while noncompliance with a provision which is merely directory in nature will not. *Pleasant Hills Borough v. Carroll,* 182 Pa. Superior Ct. 102, 125 A.2d 466 (1956); *Appeal of Crossley,* 60 Pa. Commonwealth Ct. 351, 432 A.2d 263 (1981). Whether a requirement is mandatory or directory in nature depends upon the intent of the legislature, which we must determine by deciding "whether the thing directed to be done is of the essence of the thing required." *Crossley,* 60 Pa. Commonwealth Ct. at 354,

432 A.2d at 264. Furthermore, we may determine the essence of a relevant statute through consideration of any former law. *Crossley*, 60 Pa. Commonwealth Ct. at 354, 432 A.2d at 264.

The forerunner of the current Local Tax Enabling Act, the "Tax Anything" Act of 1947, Act of June 25, 1947, P.L. 1145, *as amended*, 53 P.S. §§6851-6857, required reenactment of local taxes every year, clearly emphasizing the importance which the legislature placed upon public notice. The present act excuses compliance with that requirement only when the taxing authority makes no changes and preserves the necessity of reenactment whenever changes occur. Given the legislative emphasis on public notice through the reenactment requirement, we conclude that the provision is mandatory in nature, and therefore that the school district's failure to comply rendered the attempted changes invalid.

Because the attempted reduction was invalid, the school district never accomplished a legal change in the tax rate; therefore, under section 4 and the local resolution, the original 100 mill rate continued in effect.

We note with respect to the interests of other taxpayers of the district, that section 13 of the Act, 53 P.S. §6913, provides that suit to compel payment of local taxes must ordinarily be instituted within three years of the date the tax is originally due. Thus, the school district cannot collect from the other taxpayers the difference between the 100 mill rate actually in effect and the 75 or 60 mill rate which the district applied in the years which this suit spans, 1971 through 1979.

Because the trial court decided this case on cross-motions for summary judgment and because the school district sought a specified sum from Bradshaw, which the trial court awarded, the school district will recover

from Bradshaw the occupation tax for the relevant years at the same rate which it applied to other district taxpayers.

Accordingly, although we disagree with the trial court's legal interpretation of the relevant statute, we concur with its result and therefore affirm.

### ORDER

Now, June 18, 1985, the order of the Court of Common Pleas of the 39th Judicial District—Fulton County Branch, No. 74 of 1982-C, dated May 21, 1984, is affirmed.

Senior Judge KALISH concurs in the result only.