638 A.2d 416

**TYRONE AREA SCHOOL DISTRICT**

v.

**George F. DELBAGGIO, Appellant.**

**TYRONE AREA SCHOOL DISTRICT**

v.

**Charles DELBAGGIO, Appellant.**

**TYRONE AREA SCHOOL DISTRICT**

v.

**Richard E. SPRANKLE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1993.

Decided Feb. 22, 1994.

Terence A. Plizga, for appellants.

David V. Weicht, for appellee.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

George F. Delbaggio, Charles Delbaggio, and Richard E. Sprankle (collectively, Taxpayers) appeal from the orders of the Court of Common Pleas of Blair County that entered

judgment in favor of the Tyrone Area School District against Taxpayers. We affirm.

On July 1, 1964, the School District enacted a resolution which required payment of an occupation tax by all persons residing within the School District. In 1989 and 1990, the School District filed three separate actions against the individual Taxpayers for the collection of delinquent occupation assessment taxes dating as far back as 1970.[1] The Taxpayers filed answer and new matter asserting the affirmative defense that the claim for past due occupation taxes was time barred by the three-year statute of limitations set forth in Section 13(VII)(b) of the Local Tax Enabling Act (Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. § 6913(VII)(b). Upon consolidation, the case was presented to the trial court on stipulated facts for a decision.

In addressing Taxpayers' statute of limitations argument, the trial court found Section 13 of the Act inapplicable because it "is entitled *Earned Income Taxes,* and clearly states, 'the provisions of this section shall be included in or construed to be a part of each tax levied and assessed upon earned income....'" The trial court further found the occupation tax levied by the School District was not an earned income tax, but a flat rate tax assessed by occupation. The trial court added that because the Act itself does not set forth a specific statute of limitations for the occupation tax that it would apply the doctrine *nullum tempus occurrit regi* (time does not run against the king). The trial court analyzed that while the immunity of the Commonwealth from subjection to statutes of limitation does not usually extend to municipalities, counties or other subdivisions, when such governmental units are seeking to enforce strictly public rights, i.e., when the cause of action

1. The School District sought damages in the amount of $1,220.45 plus penalties, interest and costs against Charles Delbaggio and $1,735.88 plus penalties, interest and costs against George F. Delbaggio. The School District also sought damages against both Richard E. Sprankle and his wife, Lois M. Sprankle, in the amount of $1,099.34 plus penalties, interest and costs. The trial court dismissed the action against Lois Sprankle and the School District has not cross-appealed the dismissal.

accrues to them in their governmental capacity and the action is brought to enforce an obligation imposed by law, statutes of limitations cannot be pleaded against the governmental units. *Philadelphia v. Holmes Electric Protective Co. of Philadelphia,* 335 Pa. 273, 6 A.2d 884 (1939). Because the collection of taxes is a strictly governmental function, *City of Philadelphia v. Litvin,* 211 Pa.Superior Ct. 204, 235 A.2d 157 (1967), the trial court held that the School District's levy of occupation taxes for the purpose of maintaining school facilities and services as required under the Public School Code of 1949,[2] was a governmental function, thereby allowing the School District to assert the doctrine of *nullum tempus occurrit regi* to defeat the statute of limitations argument.

▮ On appeal,[3] Taxpayers' sole argument is that the trial court erred in failing to apply Section 13 of the Act, citing *School District of Aliquippa v. Maryland Casualty Co.,* 402 Pa.Superior Ct. 569, 587 A.2d 765 (1991), for the proposition that where a statute of limitation expressly applies to a governmental unit plaintiff, the doctrine of *nullum tempus occurrit regi* cannot defeat the statute of limitations. Taxpayers contend Section 13 expressly applies to the occupation tax.

Section 2 of the Act, 53 P.S. § 6902, authorizes governmental units, including independent school districts:

> to levy, assess, or collect any tax on individuals for the privilege of engaging in an occupation (occupational privilege tax) except that such tax may be levied, assessed and collected only by the political subdivision of the taxpayer's place of employment.

Section 2 also authorizes the levy, assessment, and collection of earned income taxes, business privilege taxes, mercantile license taxes, amusement taxes, and transfer taxes. The Act contains sections which concern all the types of taxes which

**2.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

**3.** Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence or whether it erred as a matter of law. *Metaltech v. City of Pittsburgh,* 154 Pa.Commonwealth Ct. 171, 623 A.2d 401 (1993).

the governmental units can impose as well as particular sections which address specific taxes. Section 13 of the Act, entitled "Earned Income Taxes," begins as follows:

On and after the effective date of this Act the remaining provisions of this section shall be included in or construed to be a part of each tax levied and assessed upon *earned income* by any political subdivision levying and assessing such tax pursuant to this Act.

(Emphasis added). Subsection VII(b) of *Section 13* establishes a three-year statute of limitations that provides:

Any suit brought to recover tax imposed by the ordinance or resolution shall be begun within three years after such tax is due, or within three years after the declaration or return has been filed, whichever date is later. . . .

Taxpayers' assert that even though Section 13 is entitled Earned Income Tax, subsection VII(b) demonstrates the legislature's desire to impose a statute of limitation upon governmental units for the collection of the occupation tax.

As stated previously, the Act not only concerns earned income taxes and occupation taxes but also authorizes school districts to impose business privilege taxes, mercantile license taxes, amusement taxes and transfer taxes. We have found no cases where the three-year statute of limitations set forth in Section 13(VII)(b) has barred an action by a subdivision for the collection of any other taxes authorized under the Act except for earned income taxes.[4] We have specifically held that the occupation tax under the Act is not an earned income tax. *Lower Dauphin School District v. Kutler*, 76 Pa.Commonwealth Ct. 87, 463 A.2d 499 (1983).

For us to erect a statute of limitation for the collection of the occupation tax against governmental units would be an act of judicial legislation, not within our scope of authority.

The State, when acting in its sovereign capacity occupies a position entirely different and superior to that of a citizen.

4. Taxpayers cited, at oral argument, *Bradshaw v. Southern Fulton School District*, 90 Pa.Commonwealth Ct. 162, 494 A.2d 76 (1985), as an occupation tax case that applied Section 13(VII)(b) of the Act. We are unable to discern why Section 13 was employed in *Bradshaw*, and are not persuaded by the *Bradshaw* decision.

It cannot be sued without its consent. The statute of limitation, without it is expressly so declared, cannot be invoked to defeat its claim as a creditor. It takes precedent over other creditors. It may forgo its right as a sovereign power and place itself on the same footing as one of its citizens, but unless the statutory language affecting the subject so declares it will not be presumed. The State cannot be deprived of its rights as a sovereign by inference, it must be done by appropriate constitutional or legislative action.

*Gordon v. Dime Bank Title & Trust Co.*, 315 Pa. 305, 309, 172 A. 664, 666 (1934) (citations omitted). Because there is no express statute of limitations in the Act barring the School District from collecting the occupation tax, we will not impose one.

Accordingly, we affirm.

### ORDER

AND NOW, this 22nd day of February, 1994, the order of the Court of Common Pleas of Blair County in the above-captioned matter is hereby affirmed.